**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AMADEO CABALLERO,<br><br>Plaintiff,<br><br>v.<br><br>THANH DOAN, et al.,<br><br>Defendants. | Case No. 13-cv-05756-BLF<br><br>**ORDER (1) GRANTING DEFENDANT U.S. BANK N.A.'S MOTION TO DISMISS; AND (2) GRANTING DEFENDANT THANH DOAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re: ECF Nos. 9, 32] |

## I. INTRODUCTION

This case arises out of a mortgage loan transaction and subsequent non-judicial foreclosure of real property. Plaintiff Amadeo Caballero ("Plaintiff") sues Defendant U.S. Bank N.A., as Trustee ("U.S. Bank"), and Defendant Thanh Doan ("Doan"), (collectively "Defendants"), challenging their rights to collect on the loan and foreclose on the property. Plaintiff alleges nine causes of action, including fraudulent inducement, fraudulent misrepresentation, and violations of the Fair Debt Collection Practices Act ("FDCPA"), and seeks various forms of damages and injunctive relief.

Defendants assert that the present action is barred by res judicata because of three prior actions that centered on the same loan transaction and non-judicial foreclosure at issue here. Plaintiff has failed to file responsive briefing to either Defendant's position. For the following reasons, U.S. Bank's Motion to Dismiss and Doan's Motion for Judgment on the Pleadings are both GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## II. BACKGROUND

### A. Procedural History

On November 1, 2013, Plaintiff filed a Complaint in the California Superior Court in Santa

1  Clara County. (ECF 1 ¶ 1) On December 12, 2013, U.S. Bank removed the action to this Court.
2  (ECF 1) U.S. Bank then moved to dismiss the action on December 19, 2013, asserting that it is
3  barred by res judicata and, in the alternative, that Plaintiff fails to state a claim upon which relief
4  can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF 9 at
5  1) Doan filed an Amended Answer on March 26, 2014. (ECF 21) Doan thereafter filed a Motion
6  for Judgment on the Pleadings on May 15, 2014. (Doan Mot., ECF 32) Plaintiff did not respond
7  to either Motion.[1]

### B. Requests for Judicial Notice

The Court has been presented with two Requests for Judicial Notice, one by U.S. Bank and the second by Doan. U.S. Bank asks the Court to take judicial notice of eighteen documents (U.S. Bank RJN, ECF 10) Exhibits 1 through 7 are public records related to the loan and subsequent foreclosure proceedings, and Exhibits 8 through 18 are court documents filed in prior proceedings related to this action. (*Id.*)

Doan also requests that the Court take judicial notice of eighteen documents. (Doan RJN, ECF 32-1) Exhibits A through G are the same public records related to the loan and foreclosure as requested by U.S. Bank. Exhibits H through P, and Exhibit R, are court documents from prior proceedings related to this action, several of which overlap with the documents U.S. Bank requests that the Court notice. (*Id.*) Exhibit Q is the Eviction Restoration Notice executed by the Sheriff in relation to the unlawful detainer action filed by Doan in Santa Clara Superior Court. (*Id.*)

A court "may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Thus, matters presented to the Court, but not contained in the pleadings, may be noticed on a motion to dismiss when they are "generally known within the trial court's territorial jurisdiction[] or [] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Judicially noticed facts include "matters of public record, such as prior court proceedings." *United States v. So. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004).

---

[1] All service attempts on Plaintiff were returned to the Court as "undeliverable." (ECF 13, 14, 33)

"While a court may take judicial notice of a judicial or administrative proceedings which has a 'direct relation to the matters at issue,'" it can only take notice of "the existence of those matters of public record . . . but not the veracity of the arguments and disputed facts contained therein." *Id.* (citing *United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)). Therefore, the Court will not be taking notice of the legal reasoning contained within any of the documents, but rather the fact that the prior orders contain such legal reasoning or came to certain legal conclusions. *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (permitting a court to take judicial notice of another court's opinion, but not the truth of the facts recited therein).

Plaintiff did not oppose Defendants' Requests for Judicial Notice. Therefore, Plaintiff is not deemed to dispute the authenticity of any of the exhibits. The Court hereby GRANTS both Requests for Judicial Notice, pursuant to Federal Rule of Evidence 201(b).

**C. Factual Background**

On August 5, 2005, Plaintiff obtained a mortgage loan from New Century Mortgage Corporation ("New Century"). This loan, for $292,000, was secured by a Deed of Trust ("Deed") for the real property located at 583 Groth Drive, San Jose, California ("the Groth property"). (Compl., ECF 1-1 Exh. B at 16-17) The Deed was recorded by the Santa Clara County Recorder (*id.* at 16), and listed Plaintiff, along with his brother, James Caballero, as the borrowers in joint tenancy. (*Id.*)

The mortgage loan was serviced by Ocwen Loan Servicing, LLC ("Ocwen"). (*See* Doan RJN, ECF 32-1 Exh. H (Complaint filed by Plaintiff against Ocwen Loan Servicing); *see also* Mot. to Dismiss, ECF 9 at 2) On August 20, 2008, the Deed was assigned from New Century to U.S. Bank. (U.S. Bank RJN, ECF 10-1 Exh. 3) Thereafter, on January 14, 2009, Fidelity National Title Co. ("Fidelity") was substituted as the Trustee. (*Id.* Exh. 4) On July 18, 2008, a Notice of Default was issued, stating that Plaintiff was in arrears in the amount of $10,697.80. (U.S. Bank RJN, ECF 10-1 Exh. 2) On April 29, 2009, Fidelity issued a Notice of Trustee's Sale, for a sale date of May 26, 2009. (*Id.* Exh. 5) On that date, the property was sold at a public foreclosure auction to U.S. Bank. (*Id.* Exh. 6) On December 17, 2012, U.S. Bank granted the property to

1   Doan. (*Id*. Exh. 7)

2       Under this factual backdrop, Plaintiff brings his Complaint. Proceeding pro se, Plaintiff alleges that Defendants did not "have a right to foreclose and sell the [Groth] property owned by Plaintiff because the alleged Promissory Note has been fully satisfied by operation of law since Defendants were unwilling to verify their claim." (Compl., ECF 1-1 ¶ 5) Plaintiff alleges that he has demanded the Defendants[2] "suspend any foreclosure sale" (*id.* ¶ 6), and provide Plaintiff with a "detailed accounting," in writing, "of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that the Plaintiff[][3] could adequately know and uphold [his] rights under the law." (*Id.* ¶ 7) Plaintiff claims the response of Defendants has been "so inadequate" that he is unable to determine whether or not "the charges included in their payoff demand were justified, appropriate, and proper." (*Id.* ¶ 8) Plaintiff claims that Defendants wrongfully proceeded in the non-judicial foreclosure sale (*id.* ¶¶ 10, 16), and thereafter "remov[ed] the Plaintiff[] unlawfully from [his] home by the use of an unlawful detainer." (*Id.* ¶ 14 (emphasis removed)) Plaintiff avers that there was never any valid contract "to underlay the packaged mortgage transactions, thereby making the whole transaction null and void." (*Id.* ¶ 19)

### D.  Prior Litigation Relating to This Dispute

This is not Plaintiff's first legal action regarding the Groth property – it is in fact the third action brought by him, and the fourth overall, with regard to the dispute over the loan transaction and the rightful ownership of 583 Groth Drive.

On March 10, 2009, Plaintiff filed a Complaint seeking damages against Ocwen and Fidelity ("the Ocwen Action") concerning the loan and Groth property. (U.S. Bank RJN, ECF 10-1 Exh. 8) Thereafter, on April 30, 2009, Plaintiff amended his Complaint. (*Id.*) This Amended

---

[2] Throughout his Complaint, Plaintiff refers to "Defendants" generally. Here, for example, he does not state whether he provided a notice seeking a suspension of the foreclosure sale to U.S. Bank, Doan, or both. Because Plaintiff is proceeding pro se, the Court liberally construes his pleadings to give Plaintiff the benefit of any doubt. *See, e.g.*, *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] Plaintiff repeatedly refers to "Plaintiffs" in his Complaint, but only brings suit on his own behalf. Thus, the Court will refer to him as "Plaintiff" throughout this Order.

1  Complaint alleged that Defendants did not loan him any money, refused to provide validation of
2  the alleged debt, moved forward with foreclosure proceedings without producing the original Note
3  upon which the debt was owed, and took advantage of their superior knowledge to trick him into
4  believing that he owed them money.  (U.S. Bank RJN, ECF 10-1 Exh. 9)  On August 21, 2009,
5  Judge Ronald M. Whyte dismissed the Ocwen Action without leave to amend, for failure to state a
6  claim under Rule 12(b)(6), and entered judgment in favor of Defendants.  (U.S. Bank RJN, ECF
7  10-2 Exh. 10)

8  On December 2, 2010, Plaintiff brought an action in bankruptcy court for declaratory
9  judgment against U.S. Bank.  (U.S. Bank RJN, ECF 10-2 Exh. 15)  Plaintiff sought to compel U.S.
10 Bank to produce the note in order to verify the debt owed and prove that they were the rightful
11 owner of the note.  (*Id.*)   U.S. Bank filed a Motion to Dismiss.  (U.S. Bank RJN, ECF 10-2 Exh.
12 16)  As here, Plaintiff did not respond to the moving papers. (*Id.*)  In consideration of that fact and
13 the arguments presented by U.S. Bank at the motion hearing, the Motion to Dismiss was granted
14 without leave to amend.  (*Id.* at 3)

15 Then, on March 12, 2013, Defendant Doan filed an unlawful detainer action in Santa Clara
16 Superior Court when Plaintiff refused to vacate the premises after Doan had acquired title to the
17 property from U.S. Bank.  (Doan RJN, ECF 32-3 Exh. K ¶¶ 6-9)  Plaintiff subsequently filed two
18 Chapter 13 bankruptcy actions in order to stay the unlawful detainer action, (Doan RJN Exhs. L,
19 N), which were both dismissed for lack of subject matter jurisdiction. (*Id.* Exhs. M, O)  Following
20 a court trial, Doan secured a judgment of eviction on November 6, 2013.  (*Id.* Exh. P)  An
21 Eviction Restoration Notice was then executed by the Sheriff, requiring Plaintiff to vacate the
22 premises on or before November 13, 2013.  (*Id.* Exh. Q)

23 **III. LEGAL STANDARDS**

24 **A.  Motion to Dismiss Under Rule 12(b)(6)**

25 In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the
26 court must determine whether a plaintiff alleged "enough facts to state a claim to relief that is
27 plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must
28 "accept all factual allegations in the complaint as true and construe the pleadings in the light most

1   favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). The allegations, however, must "raise a right to relief above the speculative level" and contain "more than labels and conclusions." *Twombly*, 550 U.S. 544, 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geog. Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008).

### B. Motion for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 528 (9th Cir. 1997) (citing *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court, however, may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### C. Res Judicata

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Under Rule 8(c), res judicata may be raised as an affirmative defense in response to a pleading. Fed. R. Civ. P. 8(c)(1). To establish the defense of res judicata, a party must prove three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties."

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971).

**IV. DISCUSSION**

    **A. U.S. Bank's Motion to Dismiss**

U.S. Bank contends that the present action is barred by res judicata, based on the judgments in the Ocwen Action and the bankruptcy court action. (Mot. to Dismiss, ECF 9 at 5) A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (noting that "[o]rdinarily affirmative defenses may not be raised by a motion to dismiss," but when there are no disputed issues of fact, res judicata can be raised in a motion to dismiss under Rule 12(b)(6)).

First, the Court must determine whether an "identity of claims" exists between this action and a previous action. *See Tahoe-Sierra*, 322 F.3d 1064, 1077 (9th Cir. 2003). The Ninth Circuit looks to four criteria for this determination:

> (1) [W]hether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)). The relevant inquiry is not whether the claims brought before the court had actually been adjudicated in a prior action, but whether those claims *could have been raised* in that action. *See, e.g.*, *Tahoe-Sierra*, 322 F.3d 1064, 1078. The Court considers the four factors in turn.

First there must be an identity of claims. *See, e.g.*, *id.* at 1077. An identity of claims requires the present and prior action to "arise out of the same transactional nucleus of facts." *Mpoyo*, 430 F.3d 985, 987. The claims must be "related to the same set of facts" such that they could have been tried together. *See W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). Here, all three actions arise out of the loan transaction and the resulting non-judicial foreclosure

7

1  proceeding associated with the Groth property.  (Compl., ECF 1-1; *see also* U.S. Bank RJN, ECF
2  10-1 Exh. 9; U.S. Bank RJN, ECF 10-2 Exh. 15)

3        Courts often consider the second and third *Tahoe-Sierra* criteria in concert.  *See, e.g.*,
4  *Mpoyo*, 430 F.3d 985, 987.  The second criterion requires that the actions involve the same rights
5  or interests, and the third asks whether prosecution of a new action could destroy or impair those
6  rights or interests.  *See id.*  Here, all actions involve the property rights of purchasers of the Groth
7  property.  The prior judgments established the proper holder of that property right.  In the Ocwen
8  Action, Ocwen and Fidelity prevailed, establishing their rights to the property as holders of the
9  Note.  (*See* U.S. Bank RJN, ECF 10-2 Exh. 10)  Moreover, the judgment in the bankruptcy action
10  established U.S. Bank as the titleholder of the Groth property.  (*Id.* Exh. 13)  Since the right to the
11  property has been granted to the prevailing parties through the prior judgments, prosecution of yet
12  another action could destroy those rights.

13        The fourth criterion looks to whether the actions present "substantially the same evidence."
14  *Mpoyo,* 430 F.3d 985, 987.  Because all of the actions arise out of Plaintiff's loan transaction and
15  the subsequent foreclosure, the same evidence would be required in order to determine who
16  currently holds the right to the property at issue, including the loan documents, Deed, transfers of
17  the Deed, and resulting default notices.

18        The Court finds the four criteria of the *Tahoe-Sierra* identity of claims test satisfied.

19        The second element necessary for res judicata is a final judgment on the merits.  *See*
20  *Tahoe-Sierra*, 322 F.3d 1064, 1077.  A dismissal of an action, in many circumstances, operates as
21  a final adjudication of an action on the merits.  "Unless the dismissal order states otherwise, a
22  dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party . . .
23  operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  The Supreme Court has further
24  stated that "a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the
25  merits' to which res judicata applies."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002)
26  (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).  Here, in both the
27  Ocwen Action and the bankruptcy action, Plaintiff's complaints were dismissed with prejudice.
28  (U.S. Bank RJN, ECF 10-2 Exhs. 10, 16)  Thus, both prior actions were adjudicated on the merits.

Finally, identity or privity between the parties satisfies the third element of res judicata. *See Mpoyo*, 430 F.3d 985, 987. Privity between parties may exist when there is a "sufficient commonality of interests." *Tahoe-Sierra*, 322 F.3d 1064, 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). The Ninth Circuit has "deemed several relationships sufficiently close to justify a finding of privity" including "where the interests of the nonparty and party are so closely aligned *as to be virtually representative*." *In re Schimmel*, 127 F.3d 875, 881 (emphasis added). Ocwen acted as the loan serving agent for U.S. Bank during the time U.S. Bank held the Deed of Trust. (U.S. Bank RJN, ECF 10-1 Exhs. 3, 4) District courts within this circuit have held that privity exists between a lending agent and its loan servicing agent. *See, e.g.*, *Buckland v. MERS Mortg. Elect. Registration Sys. Inc.*, No. 11-3053-CL, 2011 WL 7562959, at *3 (D. Or. Dec. 15, 2011) (finding that privity exists between a lending agent and its loan servicing agent). U.S. Bank is properly considered in privity with Ocwen.

The Court is satisfied that the three factors necessary for res judicata are met, and that Plaintiff is barred from bringing this action in this Court. The Court therefore GRANTS U.S. Bank's Motion to Dismiss WITH PREJUDICE.

### B. Doan's Motion for Judgment on the Pleadings

Doan moves for a Judgment on the Pleadings against Plaintiff, stating both that Doan "merely purchased the Property from Defendant U.S. Bank" and that this action is barred by res judicata based on a "subsequent unlawful detainer action" between Doan and Plaintiff involving the property at issue in the present action. (Doan Mot., ECF 32 at 1-2)

"[O]nce a California state court grants an unlawful detainer judgment in favor of a foreclosure sale purchaser, the original trustor or borrower is foreclosed under the doctrine of claim preclusion from arguing that the foreclosure sale itself was improper." *In re Edwards*, 454 B.R. 100, 108 (2011). The Full Faith and Credit Act requires that federal courts give state court judgments the same full faith and credit in federal court. 28 U.S.C. § 1738. Section 1738 thus "requires that federal courts give the state-court judgment . . . the same preclusive effect it would have had in another court of the same State." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986). Therefore, for purposes of deciding Doan's Motion for Judgment on the Pleadings, the

9

Court engages in the same three-part res judicata analysis described above, in order to determine whether there exists an identity of claims, a final judgment on the merits, and identity or privity between the parties. *See Tahoe-Sierra*, 322 F.3d 1064, 1077.

Under *Tahoe-Sierra*, the present and prior action must "arise out of the same transactional nucleus of facts." *Mpoyo*, 430 F.3d 985, 987. Here, Plaintiff's Complaint advances the same claims asserted before the state court in the unlawful detainer proceeding, alleging that Doan does not hold the note secured by the subject property and, thus, does not hold title. (Compl., ECF 1 ¶ 6) According to the second and third criteria, the same rights or interests at issue in the prior judgment must also be at issue here. *Mpoyo*, 430 F.3d 985, 987. The present and prior actions both involve the right of the purchaser of the subject property. The unlawful detainer judgment in established that Doan was entitled to possession of the property. (Doan RJN Exh. P at 2) The fourth criterion rests on whether the actions require "substantially the same evidence." *Mpoyo*, 430 F.3d 985, 987. "When a purchaser brings an unlawful detainer action pursuant to California Code of Civil Procedure § 1161a, the purchaser must demonstrate that it acquired the property at a regularly conducted sale and thereafter duly perfected its title." *Castle v. Mortg. Elec. Reg. Sys., Inc.*, No. EDCV 11-00538 VAP (DTBx), 2011 WL 3626560, at *8 (C.D. Cal. Aug. 16, 2011) (citing Cal. Code Civ. P. § 1161a). Evidence needed for the present action, therefore, would substantially overlap with the evidence presented in the prior state court unlawful detainer action because both actions stem from a loan transaction and the same foreclosure proceeding.

The second element of res judicata is a final judgment on the merits in the prior action. *See Tahoe-Sierra*, 322 F.3d 1064, 1077. In the previous unlawful detainer action, the state court rendered judgment in favor of Doan after a court trial. (Doan RJN Exh. P) This ruling is a final judgment on the merits for the purposes of res judicata. *See In re Edwards*, 454 B.R. 100, 108.

Finally, the third element of res judicata involves identity or privity between the parties of the present and prior action. *See Tahoe-Sierra*, 322 F.3d 1064, 1077. Here, the prior unlawful detainer action was between Plaintiff and Doan. (Doan RJN Exh. P) The parties in both actions were identical, thus satisfying the third element of res judicata. *See, e.g.*, *Mpoyo*, 430 F.3d 985, 988 (finding that the third element of res judicata was satisfied because "[t]he plaintiff and

defendant [we]re identical in both actions").

Since all three elements necessary for res judicata are satisfied, Plaintiff is precluded from continuing to assert claims against Doan, in this action or others, that the foreclosure sale was improper, fraudulent, or illegal. *See, e.g.*, *In re Edwards*, 454 B.R. 100, 108. The Court, thus, GRANTS Doan's Motion for Judgment on the Pleadings, and DISMISSES Plaintiff's Complaint against Doan WITH PREJUDICE.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. U.S Bank's Motion to Dismiss is GRANTED.

2. Doan's Motion for Judgment on the Pleadings is GRANTED.

3. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 11, 2014

_____
BETH LABSON FREEMAN
United States District Judge